UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:07CR-65-H

UNITED STATES OF AMERICA                                                         PLAINTIFF

V.

DANIEL REDMON                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Daniel Redmon, has moved this Court to modify his sentence or order a custody credit. The basic factual circumstances as Defendant suggests disclose an unusual sequence of related and unrelated events. However, for the reasons that follow, those circumstances do not permit the Court to modify the sentence.

I.

On September 20, 2006, Defendant and his co-defendant, Leilani Kauka, were arrested in Harrison County, Indiana, on drug and counterfeiting fraud charges. The two charges were related because motive for Redmon's fraud was to support his drug addiction.

The State of Indiana and the United States decided that the drug charges would proceed in state court and the fraud and/or counterfeiting charges in United States District Court for the Western District of Kentucky. Indiana prosecuted their case first. In that case, Redmon received a seven year sentence with four of those years executed (to serve). After service of about two years in the state sentence, Redmon was transferred to United States District Court for the Western District of Kentucky pursuant to a writ of habeas corpus ad presequendum from the State of Indiana. He entered an open plea in federal court on May 23, 2008.

At sentencing on September 18, 2008, defense counsel argued that the Court should vary from the guidelines to take into account the time he had served in Harrison County, Indiana, for charges stemming from the same event. He argued the unfairness of having to serve more time because the respective governments elected to split the charges between jurisdictions. The United States argued for a 57-month sentence. The Court did consider his then-known related state charge. The Court settled upon a sentence of 44 months, taking into account Defendant's time served in the related state case.

Upon completion of Redmon's federal sentencing, he was transported back to the State of Indiana to Ripley County where he apparently completed serving the remaining few days of his Indiana state sentence. On October 9, 2008, Floyd County, Indiana requested that Redmon be transported for purposes of a misdemeanor revocation. On October 31, 2008, Floyd County state court revoked Redmon's one year sentence with credit for all time since September 17, 2008.[1] Redmon completed that sentence on or about March 17, 2009.

Upon completion of his Indiana sentence, Redmon was transported to the State of Kentucky to answer outstanding unrelated Jefferson Circuit Court charges. Jefferson Circuit Judge James Shake sentenced Redmon to one year on each case for a total sentence of two years and ordered the sentences to run concurrently with his federal sentence imposed by this Court. Rather than returning Redmon to federal custody, the state officials retained him to serve out his state time. Upon completion of this sentence on June 10, 2010, Redmon was released to federal detention for service of his sentence in this case.

---

[1] On a one year sentence in Indiana state court, a defendant serves 50% of his sentence, *i.e.*, on a one year sentence a defendant will actually serve six months.

Defendant requests that the Court award him credit custody for the time since his federal sentencing or, in the alternative, to award him credit from May 17, 2009 to June 10, 2010 (the time he was in Kentucky serving a state sentence that the Jefferson Circuit Court ordered to be run concurrent to his federal sentence). In the alternative, he requests that the Court modify his sentence to reflect the time he has served between his federal sentencing date and June 10, 2010 (631 days) or, in the alternative, the time between the completion of his sentence in Floyd County, Indiana (approximately March 17, 2009) and June 10, 2010 (451 days).

II.

A federal district court has very limited power to modify a previously imposed terms of imprisonment. *See* 18 U.S.C. § 3582(c). Absent one of the specific statutory exceptions, the Court must find that extraordinary and compelling reasons warrant it. *Id.* at § 3582(c)(1)(A)(i).

The Court concludes that Redmon is not entitled to an adjustment of his sentence. First, at Redmon's federal sentencing, the Court did consider his related and known state charges. As a consequence, Redmon's sentence was less than the guideline range. Second, the Court was unaware of any other related charges and neither stated or intended that its sentence should run currently with other sentences. Redmon's state misdemeanor charge in Floyd Circuit Court is unrelated to his federal charge. Finally, Redmon returned to Kentucky on other unrelated state charges for sentencing and the serving of it.

Redmon's state sentence could not run concurrent with his federal sentence for the simple reason that Redmon was not serving that sentence. Judge James Shake apparently thought that Redmon would be returning soon to federal custody and, therefore, ordered that his two year sentence run concurrent with his still-to-be-served 44 month federal sentence. For

reasons that are unclear, Redmon was not returned to federal custody. He served out his state sentence instead. Regardless, this Court would have had no reason to run its federal sentence concurrent with a sentence arising from an unrelated state charge. While the circumstances present some quandary, it does not present extraordinary or compelling reasons for modification of the sentence.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to modify his sentence or for custody credit is DENIED.

This is a final order.

cc: Counsel of Record